```
        U.S. DISTRICT COURT           SOUTHERN DISTRICT OF NEW YORK
**  Article VI        Annex on Chemicals of the Chemical Weapons Convention  **

1:22 - cv- 06222      BKPD and   NYPD       'Weaponization of medicine'
     RJI :      1:22 - cv- 06199-UA                1:22 - cv- 06220-UA
1:22 - cv- 06288-UA    1:22 - cv- 06296-UA    CASE No. 1:22-cv-07695-LTS
CLAIM NINE v. COUNCIL OF ELDERS        CLAIM TEN v. DONALD J.TRUMP, JR.


              ****************************************************
                           MOTION TO CALL A WITNESS
              ****************************************************
                 ZWASSERSTEIN , THE     LEGAL AID SOCIETY

****   MEMORANDUM OF LAW          [     contained pp.2-5 ] *********
on CHEMICAL WEAPONS   :    According to the relevant statute, it is
     unlawful for any person to develop, produce, transfer, or acquire
              chemical weapons through any means.
PLAINTIFF REQUESTS        229D.Injunctions. 229E.Requests for military assistance to
enforce prohibition in certain emergencies.          Under 18 U.S. Code Chapter 11B

         See below HANDWRITING PHYSIOLOGICAL SYSTEM ATTACK :
[    AUG 2022   ] WHILE PLAINTIFF ATTEMPTING  A HANDWRITTEN
DESCRIPTION OF EVENT 14 NOV 2021  ;  AN ATTACK ON HANDWRITING BY CIA ,
       INVOLUNTARY MOTIONS OCCURRED      VISIBLE BELOW          :
                ******      EXHIBIT INJ000 ****
```

[Handwritten exhibit: "Injection Event / Theft of ... / Freedom / ZW 22e937 ... / O'ROURKE"]

```
         U.S. DISTRICT COURT            SOUTHERN DISTRICT OF NEW YORK
**  Article VI          Annex on Chemicals of the Chemical Weapons Convention  **


         ****************************************************
         MEMORANDUM OF LAW
         ****************************************************
         Insofar as the use of Chemical Weapons is ILLEGAL ;
PLAINTIFF files MOTION TO CALL A WITNESS in opposition to the Illegal Use of
Chemical Weapons by the NYPD in the U.S. Agents' Weaponization of medicine.
              ******       EXHIBIT INJ001 ****
```



```
         ****** PLAINTIFF EMAIL TO ATTORNEY ZWASSERSTEIN STATES : ****
I was immediately surrounded by an exorbitant amount of intimidation
and force, and also injected by one of the multiple (6-8) Officers
that surrounded the vehicle upon my arrival.

I do not know from where so many Officers had appeared from in such a
calm setting on a quiet night. I had simply asked them to press my
friend's buzzer for me . . . the response felt threatening and
disrespectful. I do not know what I was injected with, but it was a
female officer, with her 'Arrest Cam' ON - i DO recall many red dots
were lit.

Whether hers was of them or not, I cannot be 100% certain but maybe
75%. There were at least 4 directly in front of me with the door open,
and a number of others on the scene. 'The Injector' was at an angle of
"1:30" in relation to my person— if straightforward were "12:00".

She took my right hand into her two hands and quickly injected my
middle finger with an unknown substance.
```

U.S. DISTRICT COURT            SOUTHERN DISTRICT OF NEW YORK
** Article VI      Annex on Chemicals of the Chemical Weapons Convention **

My hand was not held up above my waist level when she did so, and it was not explained nor acknowledged thereafter. She had medium brown hair about shoulder length and small eyes, about 40 years old & 5'4".

It was very discreet: I believe she even maintained eye contact with me, and slipped something in her hand from up her sleeve. I immediately felt a sharp prick and there was a red spot on the tip of my middle finger on my right hand.

 The Injector was NOT one of the two (2) Officers in the SUV present upon my arrival at 14 VERONA but arrived within the 30-60 seconds after we exchanged our first word. ~ I had an unusual bodily experience overall thereafter ~ I was held overnight in a cell rather than to be permitted to buzz the doorbell of the friend who invited me at 14 VERONA.

        • Please, Mr. Zwasserstein,•

REGARDLESS AS TO WHETHER MY CASE IS DISMISSED (as I imagine & hope that it may be… Additionally I was told there would be no charges filed only a payment due for the $20 with a City Clerk.),

I DEMAND AN INQUIRY INTO EXACTLY AS TO :

(1) WHAT WAS THE SUBSTANCE ALLEGEDLY?

(2) WHAT ARE THE APPROVED SUBSTANCES FOR OFFICERS OF THE LAW IN NYS TO INJECT AN INDIVIDUAL WITH AT THE TIME OF ARREST?

(3) WITHIN THE PARAMETERS OF ACCEPTABLE INJECTIONS, WHAT ARE THE SCENARIOS AND THRESHOLDS FOR WHICH THESE INJECTIONS ARE INTENDED/APPROVED? 7/24/22, 3:27 PM Gmail - Fwd: Lawyer for you https://mail.google.com/mail/u/4/?ik=e3722ffd6c&view=pt&search=all&permthid=thread-f%3A1722743795983531858&simpl=msg-f%3A17227437959… 2/2

(4) HYPOTHETICALLY, ARE THERE ANY KNOWN SUBSTANCES THAT THE OFFICERS MAY HAVE ACCESS TO?

(5) ANY UNKNOWN SUBSTANCES TO BE AWARE OF — FOR MY OWN SECURITY CONSIDERING MEDICAL CONCERNS & ANY HEALTH RELATED QUESTIONS?

        ******************************************************
/s/ HOLIDAY OLJII ANNA PEDOTTI



U.S. DISTRICT COURT              SOUTHERN DISTRICT of NEW YORK
** Article VI        Annex on Chemicals of the Chemical Weapons Convention **


******************************************

PRECEDENT CASE  : Elijah McClain  KETAMINE INJECTION

**************       NYPD AND D.A. ENDANGERMENT *******************

As Referenced throughout case and RJI cases , NYPD shall always be considered to include BKPD and D.A. Offices as Brooklyn is a borough of NEW YORK CITY , NEW YORK  .

(1)   INSOFAR AS MR MCCLAIN WAS INJECTED BY PARAMEDICS AND PLAINTIFF WAS INJECTED BY OFFICERS OF THE LAW IN BLUE SUITED UNIFORMS; SURROUNDED WHILE CALMLY EXITING  A TAXI IN FRONT OF AN EX ROMANTIC PARTNERS HOME , and
(2)   THIS WAS A PREMEDITATED CHEMICAL ATTACK CONDUCTED IN TWO (2) PARTS AN ACT OF RETALIATION UPON A CRIMINAL PROSTITUTION RING PLAINTIFF MATERIALLY WAS INVITED AND REFUSED TO JOIN ; AFTER FILING CRIMINAL CHARGES UPON ONE OF ITS MEMBERS LESS THAN THIRTY (30) DAYS PRIOR
(3)   WHICH DID INVOLVE PLAINTIFF ARRIVAL AT THE SAME LOCATION , 14 VERONA STREET IN THE MIDST OF DEATH THREATS AS EVIDENCED ON DEFENDANT : DAMO, ANTHONY UBER ACCOUNT THAT DIRECTED PLAINTIFF FROM 14 VERONA STREET TO 415 E 64TH STREET AT APPROXIMATELY 05:00 TO DEFENDANT JACAS, DAMIAN HOME ON THE UPPER EAST SIDE MANHATTAN
(4)   WHILE DEFENDANT ATTORNEY R WAS – AS EVIDENCED IN DOSSIER – ACTIVELY AND SPECIFICALLY THREATING AND PLANNING A PRE-MEDITATED MURDER ,
(5)   WHICH HAS BEEN MATERIALLY ONGOING SINCE THIS TIME AS EVIDENCED BY EYE HOLES SLIT IN << LOVE >> SWEATPANTS IN AUGUST 2022
(6)   FOLLOWING MULTIPLE RESTRAINING ORDERS AND SUBSTANTIAL POLICE CORRUPTION THAT DEFENDANT DID MATERIALLY VIOLATE AS EVIDENCED IN ORIGINAL FILING .

The ILLEGAL NATURE of the injection and the to-date UNKNOWN CHEMICAL COMPOSITION OF THE MATERIAL THAT IS CAUSING PHYSIOLOGICAL HARM TO PLAINTIFF IN INCREASINGLY DESTRUCTIVE MEASURES MUST BE EXAMINED BY FEDERAL AND INTERNATIONAL LEGAL BODIES.

**********************

- PRECEDENT -         INJECTION OF KETAMINE WITHOUT VITALS

Paramedics Jeremy Cooper and Peter Cichuniec then injected McClain with the sedative ketamine — far too much for his body weight, the

☦ PEDOTTI 4                                                    AUG 2022

Case 1:22-cv-07695-LTS   Document 9   Filed 09/27/22   Page 5 of 10

U.S. DISTRICT COURT                SOUTHERN DISTRICT OF NEW YORK
** Article VI        Annex on Chemicals of the Chemical Weapons Convention **

indictment says — without checking his vital signs, clearing his airway, or attempting to talk to him.

```
*****************************************************
MEMORANDUM OF LAW
*****************************************************
```

Federal Chemical Weapons Crimes - 18 U.S. Code Chapter 11B
             CHAPTER 11B—CHEMICAL WEAPONS Sec. 229.

Prohibited activities. 229A.Penalties. 229B.
Criminal forfeitures; destruction of weapons.
229C. Individual self-defense devices.
229D.Injunctions.
229E.Requests for military assistance to enforce prohibition in certain emergencies.
229F.Definitions. §229. Prohibited activities (a) Unlawful Conduct.—Except as provided in subsection (b), it shall be unlawful for any person knowingly— (1) to develop, produce, otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own, possess, or use, or threaten to use, any chemical weapon; or

18 U.S. Code section 229

This statute explains the types of prohibited activities in connection with chemical weapons. According to the relevant statute, it is unlawful for any person to develop, produce, transfer, or acquire chemical weapons through any means.

18 U.S. Code § 229F - Definitions

U.S. Code Notes prev next In this chapter:

(1)Chemical weapon.—

The term "chemical weapon" means the following, together or separately:
     (A)A toxic chemical and its precursors, except where intended for a purpose not prohibited under this chapter as long as the type and quantity is consistent with such a purpose.
     (B)A munition or device, specifically designed to cause death or other harm through toxic properties of those toxic chemicals specified in subparagraph

Case 1:22-cv-07695-LTS   Document 9   Filed 09/27/22   Page 6 of 10

U.S. DISTRICT COURT          SOUTHERN DISTRICT of NEW YORK
** Article VI        Annex on Chemicals of the Chemical Weapons Convention **

```
            (A), which would be released as a result of the employment
      of such munition or device.
        (C)Any equipment specifically designed for use directly in
connection with the employment of munitions or devices specified in
subparagraph
            (B).
(2)Chemical weapons convention;
      Convention.

      — The terms "Chemical Weapons Convention" and "Convention" mean
the Convention on the Prohibition of the Development, Production,
Stockpiling and Use of Chemical Weapons and on Their Destruction,
opened for signature on January 13, 1993.
```

(3)Key component of a binary or multicomponent chemical system.

— The term "key component of a binary or multicomponent chemical system" means the precursor which plays the most important role in determining the toxic properties of the final product and reacts rapidly with other chemicals in the binary or multicomponent system.

(4)National of the united states.— The term "national of the United States" has the same meaning given such term in section 101
        (a)(22) of the Immigration and Nationality Act
(8 U.S.C. 1101(a)(22)). (5)

Person.— The term "person", except as otherwise provided, means any individual, corporation, partnership, firm, association, trust, estate, public or private institution, any State or any political subdivision thereof, or any political entity within a State, any foreign government or nation or any agency, instrumentality or political subdivision of any such government or nation, or other entity located in the United States.

(6)Precursor.—

(A)In general.— The term "precursor" means any chemical reactant which takes part at any stage in the production by whatever method of a toxic chemical. The term includes any key component of a binary or multicomponent chemical system.

(B)List of precursors.— Precursors which have been identified for the application of verification measures under Article VI of the Convention are listed in schedules contained in the Annex on Chemicals of the Chemical Weapons Convention.

Case 1:22-cv-07695-LTS   Document 9   Filed 09/27/22   Page 7 of 10

U.S. DISTRICT COURT                SOUTHERN DISTRICT of NEW YORK
** Article VI        Annex on Chemicals of the Chemical Weapons Convention **

(7)Purposes not prohibited by this chapter.—The term "purposes not prohibited by this chapter" means the following: (A)Peaceful purposes.— Any peaceful purpose related to an industrial, agricultural, research, medical, or pharmaceutical activity or other activity. (B)Protective purposes.— Any purpose directly related to protection against toxic chemicals and to protection against chemical weapons. (C)Unrelated military purposes.— Any military purpose of the United States that is not connected with the use of a chemical weapon or that is not dependent on the use of the toxic or poisonous properties of the chemical weapon to cause death or other harm. (D)Law enforcement purposes.— Any law enforcement purpose, including any domestic riot control purpose and including imposition of capital punishment. (8)Toxic chemical.— (A)In general.— The term "toxic chemical" means any chemical which through its chemical action on life processes can cause death, temporary incapacitation or permanent harm to humans or animals. The term includes all such chemicals, regardless of their origin or of their method of production, and regardless of whether they are produced in facilities, in munitions or elsewhere. (B)List of toxic chemicals.— Toxic chemicals which have been identified for the application of verification measures under Article VI of the Convention are listed in schedules contained in the Annex on Chemicals of the Chemical Weapons Convention. (9)United states.—The term "United States" means the several States of the United States, the District of Columbia, and the commonwealths, territories, and possessions of the United States and includes all places under the jurisdiction or control of the United States, including— (A)any of the places within the provisions of paragraph (41) [1] of section 40102 of title 49, United States Code; (B)any civil aircraft of the United States or public aircraft, as such terms are defined in paragraphs (17) and (37),1 respectively, of section 40102 of title 49, United States Code; and (C)any vessel of the United States, as such term is defined in section 70502(b) of title 46, United States Code. (Added Pub. L. 105–277, div. I, title II, §201(a), Oct. 21, 1998, 112 Stat. 2681–869; amended Pub. L. 109–304, §17(d)(1), Oct. 6, 2006, 120 Stat. 1707.)

           /s/ HOLIDAY OLJII ANNA PEDOTTI        Suffix :        II

                            [    eSIGNATURE CERTIFIED 21 AUG 2022 ]

**U.S. DISTRICT COURT         SOUTHERN DISTRICT of NEW YORK**

** Article VI        Annex on Chemicals of the Chemical Weapons Convention **


******    EXHIBIT INJ002 ****


ARREST RECORD FROM INJECTION BY NYPD DURING DEATH THEATS :

** Article VI         Annex on Chemicals of the Chemical Weapons Convention **

****** EXHIBIT INJ003 ****



Hospital Bracelet from MOUNT SINAI BETH ISRAEL

****** EXHIBIT INJ004 ****

SECOND DIR FROM ORIGINAL COMPLAINT OF <u>DEATH THREATS AND PREMEDITATED MURDER FROM    OCT 2021 PRIOR TO  INJECTION EVENT 14 NOV 2021 , WHICH</u>

**U.S. DISTRICT COURT            SOUTHERN DISTRICT OF NEW YORK**

** *Article VI*      *Annex on Chemicals of the Chemical Weapons Convention* **

<u>PLAINTIFF UNDERSTANDS TO BE POLICE CORRUPTION AND PREMEDITATED MURDER;</u> RETALIATION FROM CRIMINAL FILING AGAINST JEFFREY EPSTEIN-STORMY DANIELS PROSTITUTION RING AS PLAINTIFF REFUSED TO JOIN AND DEATH THREATS TOOK PLACE INVOLVING THE SAME PERSONS AND LOCATIONS LISTED IN DIR-2021-005-0768 THAT WERE MISHANDLED BY CORRUPT OFFICIALS AND PLAINTIFF WAS LATER ANONYMOUSLY OPERATED ON AT THE SAME RELIGIOUS HOSPITAL : MOUNT SINAI BETH ISRAEL  THAT REFUSED TO TEST PLAINTIFF FOR INJECTED MATERIAL-ENVIRONMENTAL TOXINS AND FALSELY CLAIMED THE PLAINTIFF WAS IN A PARANOIC STATE , AS PLAINTIFF LEARNED IN BROOKLYN D.A. OROURKE ILLEGAL SUBPOENA IN CONNECTION WITH DIR-2021-005-0768 WHILE THE DOSSIER EVIDENCING DEATH THREATS INVOLVING SUCH DEFENDANTS WAS UNDER HIS JURISDICTION AND ALL CHARGES WERE FILED INCORRECTLY AND NEVER REVIEWED IN A COURT OF LAW , AS IS THE RIGHT OF ALL PERSONS IN THE UNITED STATES OF AMERICA , AS COMPLAINT 2022-5-3617 FROM 94TH PRECINCT  [ CORRECT JURISDICTION OF PREMEDITATED MURDER AND DEATH THREATS PROSECUTED IN MANHATTAN DESPITE MULTIPLE COMMUNICATIONS BY PLAINTIFF AS TO THE PHOTOGRAPHIC AND GEOGRAPHIC INCORRECT STATEMENTS IN D.A. AFFADAVITS PRIOR TO PROSECUTION ] .


     \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
     /s/ HOLIDAY OLJII ANNA PEDOTTI   Suffix : II

     \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*