UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLIDAY OLJII ANNA PEDOTTI II,

                  Plaintiff,

-against-

ELON MUSK, et al.,

                  Defendants.

1:22-CV-7695 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Holiday Oljii Anna Pedotti II, who is appearing *pro se*, filed this action asserting violations of her constitutional rights as well as violations of criminal law; she may also be attempting to assert claims under state law. Plaintiff seeks damages and injunctive relief, and sues the following defendants: (1) Elon Musk; (2) Neurolink; (3) SpaceX; (4) "Elon Musk in his [c]apacities over Neurolink, SpaceX and [r]elated and/or [s]ubsidiaries and d.b.a. of such Musk-owned and operated or licensed entities internationally"; (5) Mark Zuckerberg; (6) "Mark Zuckerberg in his [c]apacities over Facebook, Instagram, WhatsApp and similar [d]ata and [m]arketing [a]gencies and [r]elated and/or [s]ubsidiaries and d.b.a. of such Musk-owned and operated or licensed entities internationally"; (7) the United States Government Accountability Office ("GAO"); (8) Timothy M. Persons, a GAO official; and (9) James-Christian Blockwood, another GAO official.

      By order dated November 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses Plaintiff's action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

The Court received Plaintiff's complaint on September 7, 2022. (ECF 1.) Plaintiff has since filed multiple motions and other submissions in this action. (ECF 3-21, 23.) The Court will regard these motions and other submissions as supplements to the complaint. Plaintiff's submissions are a collection of allegations about multiple unrelated incidents and experiences in Plaintiff's life. To the extent that the Court can understand Plaintiff's allegations, Plaintiff asserts, among other things, to have been a victim of "digital attacks," a "direct energy weapon,"

2

an "injected weapon," sexual abuse, "chemical and biological attacks," and social media-account censorship. She also mentions, among other things, her wish to become a wife and mother, her unsuccessful efforts to have children, the termination of at least one of her pregnancies as a result of her being targeted by a "direct energy weapon," the efforts of the Central Intelligence Agency to recruit her, her modeling career, and her drafting of an international peace treaty, and she alleges that the United Nations is a for-profit corporation.

## DISCUSSION

### A.    Private prosecution

Plaintiff's claims in which she seeks the criminal investigation and prosecution of the defendants must be dismissed. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.") (internal quotation marks and citation omitted).

### B.    Plaintiff's civil claims under federal law

The Court must dismiss Plaintiff's civil claims under federal law as frivolous. Even when read with the "special solicitude" due *pro se* submissions, *Triestman*, 470 F.3d at 475, Plaintiff's

3

allegations and assertions as to these claims appear to rise to the level of the irrational, and there is no factual predicate or legal theory suggested on which she can rely to state a viable civil claim under federal law arising from her allegations and assertions, *see Denton*, 504 U.S. at 32-33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses Plaintiff's civil claims under federal law as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may also be attempting to assert. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

E. **Litigation history**

In a September 26, 2022, order issued in another *pro se* action that Plaintiff filed in this court – an order issued after Plaintiff filed the present action – the Court warned Plaintiff "that further nonmeritorious or frivolous litigation in this court will result in an order barring her from filing any new actions IFP without prior permission." *Pedotti v. Mount Sinai*, ECF 1:22-CV-6199, 16 (S.D.N.Y. Sept. 26, 2022) (notice of appeal filed Oct. 27, 2022). One day later, on September 27, 2022, in yet another *pro se* action that Plaintiff filed in this court, the Court issued an order with a similar warning. *Pedotti v. Grand Lodge of the State of New York*, ECF 1:22-CV-6296, 18 (S.D.N.Y. Sept. 27, 2022) (notice of appeal filed Oct. 27, 2022). On October 24, 2022, and again, one day later, on October 25, 2022, in still other *pro se* actions that Plaintiff filed in this court, the Court reiterated these warnings. *Pedotti v. Adler*, ECF 1:22-CV-6222, 36 (S.D.N.Y. Oct. 24, 2022) (notice of appeal filed Oct. 27, 2022); *Pedotti v. Putin*, ECF 1:22-CV-6220, 48 (S.D.N.Y. Oct. 25, 2022) (notice of appeal filed Oct. 28, 2022). All of these warnings remain in effect.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court denies all of Plaintiff's pending motions filed in this action as moot. The Court therefore directs the Clerk of Court to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Court also directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   December 5, 2022
              New York, New York

                                                  /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                            Chief United States District Judge